| | |
|---|---|
| HONORABLE RONALD B. LEIGHTON | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ABSHER CONSTRUCTION COMPANY,<br><br>          Plaintiff,<br>   v.<br><br>OM MICHAEL QUALITY PAINTING LLC,<br><br>          Defendant. | CASE NO. C19-5257 RBL<br><br>ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND *SUA SPONTE* REMANDING THIS MATTER TO SUPERIOR COURT |

THIS MATTER is before the Court on Defendant Michael Okafor's Motion for Leave to Proceed *in forma pauperis,* supported by his proposed Notice of Removal. Presumably, Okafor seeks to remove the case to federal court but does not want to pay the filing fee.

Plaintiff Absher Construction sued Okafor and his company, OM Michael Quality Painting, LLC, in Pierce County Superior Court, seeking to remove what it claimed was a frivolous lien under state law. The complaint did not reference any federal laws or raise any federal questions. *See* Dkt. # 1-2

Okafor seeks to remove the case on his own behalf and on behalf of his LLC, apparently because he intends to assert a federal discrimination law as a defense (or perhaps as an affirmative claim against Absher and its principals).

ORDER - 1

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.")

Okafor's proposed removal does not meet this standard. First, the "well pleaded complaint rule" prevents a defendant from removing unless the *plaintiff's* complaint establishes

that the case "arises under" federal law within the meaning of §1331, and it may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the complaint and both parties admit that the defense is the only question truly at issue. *See Franchise Tax Bd. Of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 13 (1983). The complaint in this case does not arise under federal law, and Okafor's intent to raise issues under the Civil Rights Act (either as a defense or as an affirmative claim) does not avoid the well pleaded complaint rule. The case is not removable as a matter of law, and Okafor cannot amend or change his Notice to make is so removable.

Second, Okafor cannot represent his LLC in this Court, and his effort to remove the case on its behalf is ineffective. Because a corporation is an artificial entity, necessarily its interests in a court proceeding must be represented by a person acting on its behalf. Representing another person or entity in court is the practice of law. To practice law, one must be an attorney. RCW 2.48.170. Thus Washington, like all federal courts, follows the common law rule that corporations appearing in court proceedings must be represented by an attorney.

There is a *pro se* exception to this general rule, under which a person "may appear and act in any court as his own attorney without threat of sanction for unauthorized practice." The pro se exception is, however, extremely limited and applies "only if the layperson is acting solely on his own behalf" with respect to his own legal rights and obligations. *Cottringer v. State, Dep't of Employment Sec.,* 162 Wash. App. 782, 787–88, 257 P.3d 667, 669 (2011). Okafor cannot represent his LLC in this case or in this Court.

The Motion for Leave to proceed *in forma pauperis* is **DENIED** and this matter is *sua sponte* **REMANDED** to Pierce County Superior Court.

IT IS SO ORDERED.

Dated this 16th day of April, 2019.

Ronald B. Leighton
United States District Judge

ORDER - 4